UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

------------------------------------x

UNDERWRITERS INSURING NUVASIVE, INC. UNDER POLICY NUMBERS M-FAL-2000195 AND WC-FAL-2000195

    *Plaintiff,*

- against -

FEDEX CORPORATION, FEDERAL EXPRESS CORPORATION, FEDEX GROUND PACKAGE SYSTEM, INC., and FEDEX FREIGHT, INC.

    *Defendants.*

------------------------------------x

No.: 2:23-cv-2514

## COMPLAINT

Plaintiff Underwriters Insuring NuVasive, Inc. Under Policy Numbers M-FAL-2000195 and WC-FAL-2000195 (hereinafter "Plaintiff" or "Plaintiff Underwriters") by its undersigned attorneys, Martin, Tate, Morrow & Marston, P.C. for its Complaint, alleges on information and belief as follows:

### GENERAL ALLEGATIONS
### APPLICABLE TO ALL CAUSES OF ACTION

### JURISDICTION, VENUE AND PARTIES

1. This Court has subject matter jurisdiction pursuant to federal law under 28 U.S.C. § 1331 as a claim arising under an Act of Congress regulating commerce within the meaning of 28 U.S.C. § 1337(a) and pursuant to the Carmack Amendment codified at 49 U.S.C. § 14706 and/or federal common law, and/or supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. At all times material hereto, Plaintiff Underwriters were and are a group of insurers existing under and by virtue of the laws of the United Kingdom with their principal

1

place of business at One Lime Street, London EC3M 7HA, United Kingdom, and who insured nonparty NuVasive, Inc. and its corporate affiliates (hereinafter "NuVasive"), the owner of the Shipment which is the subject matter of this action.  Plaintiff Underwriters are:

    a. Chubb Managing Agent Ltd.

    b. Navigators Underwriting Agency Limited,

    c. Aegis Managing Agency Limited,

    d. MS Amlin Underwriting Limited,

    e. Beazley Furlonge Limited,

    f. Antares Managing Agency Limited,

    g. Liberty Managing Agency Ltd.,

    h. Allied World Managing Agency Limited,

    i. Argenta Syndicate Management Limited,

    j. Axis Managing Agency Ltd.,

    k. Brit Syndicates Ltd.,

    l. Atrium Underwriters Limited,

    m. Canopius Managing Agents Limited,

    n. Lancashire Syndicates Ltd., and

    o. Hiscox Syndicates Limited.

Plaintiff Underwriters additionally include Accredited Specialty Insurance Company, an Arizona corporation with its principal place of business at 4978 New Broad St., Suite 200, Orlando, Florida, and Scottsdale Insurance Company, an Ohio corporation with its principal place of business at One Nationwide Plaza, Columbus, Ohio, 43215-2220.

    3.    Defendant Fedex Corporation (hereinafter "FC") is a corporation

organized and existing under the laws of the State of Delaware, with its principal place of business at 942 Shady Grove Road South, Memphis, Tennessee, 38120-4117, and was and now is engaged in business as, *inter alia*, a carrier of goods by road for hire, forwarder, broker and/or otherwise involved in the transportation of goods and operates and runs routes in this District, and does business in the State of Tennessee and in this District.

4.     Defendant Federal Express Corporation (hereinafter "FEC") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 3610 Hacks Cross Road, Memphis, Tennessee, 38125-8800, and was and now is engaged in business as, *inter alia*, a carrier of goods by road for hire, forwarder, broker and/or otherwise involved in the transportation of goods and operates and runs routes in this District, and does business in the State of Tennessee and in this District.

5.     Defendant FedEx Ground Package System, Inc. (hereinafter "FGPS") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1000 Fedex Drive, Moon Township, Pennsylvania, 15108-9373, and was and now is engaged in business as, *inter alia*, a carrier of goods by road for hire, forwarder, broker and/or otherwise involved in the transportation of goods and operates and runs routes in this District, and does business in the State of Tennessee and in this District.

6.     Defendant Fedex Freight, Inc. (hereinafter "FFI") is a corporation organized and existing under the laws of the State of Arkansas, with its principal place of business at 8285 Tournament Drive, Building C, Memphis, Tennessee, 38125-1745, and was and now is engaged in business as, *inter alia*, a carrier of goods by road for hire, forwarder, broker and/or otherwise involved in the transportation of goods and operates and runs routes in this District, and does business in the State of Tennessee and in this District.

7. At all relevant times, FC, FEC, FGPS and FFI were all affiliated and/or related companies, which all did business in coordination with each other, under the common trade name "FedEx" and under the following trade mark:



8. At all relevant times, FC, FEC, FGPS and FFI together formed a logistics conglomerate that is publicly traded on the New York Stock Exchange under the ticker "FDX".

9. Hereinafter, FC, FGPS, FFI and FC will be referred to, both individually and collectively, as "Defendants" or "Fedex".

10. Venue is proper here within the meaning of 28 U.S.C. § 1391(c) and/or 49 U.S.C. § 14706(d), and general and specific jurisdiction over the Defendants exists here, because Defendants are receiving and/or delivering carriers and/or do business and/or schedule or operate trucks and routes throughout the 48 contiguous United States including the State of Tennessee and the area comprising the Western District of Tennessee, and/or the Defendants are incorporated and/or maintain offices and principal places of business within this District, and/or because the Shipment at issue in this case was carried through this District and the damage to the Shipment occurred in this District. With an understanding as to the requirements for its delivery, the Defendants performed the contract at issue in the Western District of Tennessee, and carried NuVasive's cargo in its trucks on public roads and highways through the State of Tennessee and through this District in performing their obligations. The Western District of Tennessee is the most convenient forum because a number of the most important witnesses involved with the claim are located here.

## THE SHIPMENT

11. On or about January 31, 2023, there was shipped by NuVasive and delivered to Fedex in Englewood, Colorado, a consignment consisting of 11 Cases (111 boxes) of Osteocel Small, Medium, and Large bone samples/biologics, then being in good order and condition (the "Shipment"). In consideration of certain agreed freight charges thereafter paid or agreed to be paid, Fedex agreed to transport and carry and/or broker and/or forward and/or otherwise arrange for transport of the Shipment to Memphis, Tennessee, and there deliver the Shipment in the same good order and condition as when received. The Shipment is described in a transportation document bearing number 574454676615, and/or such other documents as may be deemed to constitute receipts or parts of the contracts of carriage.

12. The Shipment was never delivered at destination in the same good order and condition as received, but on the contrary, was severely damaged, all in violation of Defendants' obligations as carriers and/or brokers and/or forwarders and/or otherwise.

13. Plaintiff Underwriters insured the Shipment against loss and damage. By reason of the loss described above, Plaintiff Underwriters was obliged to pay and actually paid the claim to NuVasive, the shipper and owner of the consignment, and incurred substantial additional other expenses, for which Defendants are legally liable. Plaintiff brings this action on its own behalf and as agent or trustee on behalf of its insured for its deductible interest, and on behalf of all parties who may be or become interested in the subject Shipment as their respective interests may ultimately appear, and Plaintiff is duly entitled to maintain this action.

14. Plaintiff Underwriters and its assured have performed all conditions on their parts to be performed.

15. By reason of the foregoing, Plaintiff has sustained damages, as nearly as

can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be up to or exceeding U.S. $415,000.00.

## FIRST CAUSE OF ACTION
## AGAINST ALL DEFENDANTS

## BREACH OF CONTRACT AND/OR
## DUTIES UNDER THE CARMACK AMENDMENT

16. Plaintiff incorporates herein by reference all of the preceding allegations and all of the allegations below.

17. By reason of the foregoing, the Defendants were carriers of merchandise and/or freight forwarders and/or brokers and breached their duties as such under the Carmack Amendment, 49 U.S.C. § 14706, and/or other applicable laws and/or under the applicable transportation contracts.

18. The Defendants' breaches of the transportation contract pled herein were, *inter alia*, material breaches and/or material deviations.

19. The Defendants materially breached the transportation contract and their contractual or other obligations, *inter alia*, in the following ways:

   a. Failing to effectuate agreed and specially paid for specialized safety measures needed to minimize the risk of damage to the Shipment, specifically by failing to deliver the Shipment within the agreed-upon timeframe, knowing that the Shipment was temperature sensitive and only had dry ice enough to maintain the necessary temperature for 96 hours.

   b. Failing to effectuate agreed and specially paid for specialized safety measures needed to minimize the risk of damage to the Shipment, specifically by storing the Shipment in a warehouse in Memphis, Tennessee for a week

6

       without providing any opportunity to NuVasive to refresh the dry ice necessary to maintain the Shipment at its proper temperature.

c. The Defendants also may well have deviated and/or failed to effectuate agreed and specially paid for specialized safety measures needed to minimize the risk of damage to the Shipment from in other ways which will be elucidated in discovery.

    20.    Defendants also breached their duties under the Carmack Amendment by, *inter alia*, failing to issue a bill of lading, failing to permit an offer of a declared value, and/or failing to allow for cargo claims to be filed, and thus illegally insisting upon complete exoneration for all cargo claims in advance of handling the cargo.

    21.    By reason of the foregoing, the Defendants have caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $415,000.00.

**SECOND CAUSE OF ACTION
AGAINST ALL DEFENDANTS**

**<u>BREACH OF BAILMENT OBLIGATIONS</u>**

    22.    Plaintiff incorporates herein by reference all of the preceding allegations and all of the allegations below.

    23.    The Defendants were acting as bailees of the Shipment at the time of the loss. The Defendants were thereby, or through their contractors, agents, servants or sub-bailees, bailees who warranted and had a legal duty to safely keep, care for and deliver the said Shipment in the same condition as when entrusted to them and to perform their services as bailees or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. The Defendants breached those bailment obligations and negligently

failed to deliver to Plaintiff's assured, or its designee, the Shipment in as good condition as when entrusted to them.

24. By reason of the foregoing, the Defendants have caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $415,000.00.

## THIRD CAUSE OF ACTION
## AGAINST ALL DEFENDANTS

## NEGLIGENCE/GROSS NEGLIGENCE

25. Plaintiff incorporates herein by reference all of the preceding allegations and all of the allegations below.

26. The Defendants, by their negligence and/or gross negligence, as set forth above in the Second Cause of Action, and additionally, *inter alia*, including their negligent entrustment/failure to carefully select the actual truckers, caused the loss of the Shipment. The facts indicate that Defendants may also well have failed to use reasonable care in handling the Shipment and/or in other ways which will be elucidated in discovery. The Defendants therefore improperly failed to deliver the Shipment to the consignee, or its designee, in as good condition as when entrusted to them.

27. By reason of the foregoing, the Defendants have caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $415,000.00.

WHEREOF, Plaintiff prays:

1. That process in due form of law may issue against the Defendants FC, FEC, FGPS and FFI, citing them to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendants FC, FEC, FGPS and FFI on each of the Causes of Action for the amount of Plaintiff's damages, together with interest, costs and the disbursements of this action;

3. That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated:  Memphis, Tennessee
         August 17, 2023

                               MARTIN, TATE, MORROW & MARSTON, P.C.

                               By:/s/ Christopher M. Myatt
                                  Christopher Myatt, Esq. (BPR 024629)
                               International Place, Tower II
                               6410 Poplar Avenue, Suite 1000
                               Memphis, Tennessee 38119
                               Tel: (901) 522-9000
                               E-mail: cmyatt@martintate.com

                               *Attorneys for Plaintiff*

OF COUNSEL:

MALOOF & BROWNE LLC
David T. Maloof, Esq.
Kipp C. Leland, Esq.
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
Tel: (914) 921-1200
Fax: (914) 921-1023
E-mails: dmaloof@maloofandbrowne.com
        kleland@maloofandbrowne.com

(*Pro Hac Vice* applications to be filed in due course)

F:\WP-DOCS\0606.16\Pleadings\081723 DRAFT 3 Complaint.doc